IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-14-249 |
| | § | |
| KENNETH ROBERT BRUCE | § | (Civil Action No. H-17-3121) |

## **MEMORANDUM AND ORDER**

This criminal prosecution is before the Court on Defendant Kenneth Robert Bruce's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") [Doc. # 187].  Bruce asserts that he received ineffective legal assistance during the pretrial stage, during trial, and at sentencing.  The United States filed a Response and Motion for Judgment on the Record [Doc. # 196], and Bruce filed a Reply [Doc. # 201].

The Court has carefully reviewed all pertinent matters in this criminal case. Additionally, the Court has a clear recollection of the criminal proceedings in this case.  Based on its review of the record, its recollection of the case, and the application of governing legal authorities, the Court **denies** Bruce's § 2255 Motion, **grants** the Government's Motion for Judgment on the Record, and **dismisses** the corresponding civil action (No. H-17-3121) for reasons set forth below.

## I. BACKGROUND

In June 2014, Bruce was charged by Indictment [Doc. # 1] with twenty-six counts under 18 U.S.C. § 287 of making a false claim to the United States Treasury, Internal Revenue Service ("IRS"), for income tax refunds on his own behalf and on behalf of others. A chart in the Indictment listed Counts 1-26 with each Count's corresponding false income tax return, the taxpayer's name, the date filed, and the amount of the false claim.

Count Twenty-Seven charged Bruce with interference with the administration of IRS laws in violation of 26 U.S.C. § 7212(a). In Count Twenty-Seven, it was alleged, *inter alia*, that Bruce filed fraudulent IRS forms 1099-OID through his Filing Information Returns Electronically ("FIRE") Account, many of which corresponded to the fraudulent IRS forms that were attached to the income tax returns described in Counts One through Twenty-Six. It was alleged that in many of the false information forms, Bruce reported income in the nature of an Original Issue Discount paid to taxpayers, and reported withholdings of some or all of the income. Additionally, it was alleged that Bruce falsely indicated that income tax returns he prepared for others, for which he charged a substantial fee, were "self-prepared." It was further alleged that Bruce wrote in red ink "Hurricane Ike" on several returns (or on the envelope), even though the taxpayer in question had not been affected by Hurricane Ike. When

the IRS civil collection officer attempted to recover a fraudulent refund issued to a taxpayer based on a tax return that Bruce prepared, the Indictment charged that Bruce caused that taxpayer to file a civil lawsuit against the IRS, the IRS civil collection officer, and the IRS Area Manager. The Indictment alleged further that Bruce caused a fraudulent 2009 United States Income Tax Return for Estates and Trusts to be filed for the taxpayer, naming the IRS civil collection officer as the fiduciary of the trust.

Defendant entered a plea of not guilty to all counts in the Indictment. Jury selection was held on March 16, 2015. On March 19, 2015, the jury returned a verdict in which it found Bruce guilty of all twenty-seven counts. *See* Verdict of the Jury [Doc. # 78]. On June 22, 2016, the Court sentenced Bruce to an aggregate 180 months in the custody of the United States Bureau of Prisons, followed by a three-year term of supervised release. *See* Judgment in a Criminal Case [Doc. # 133], entered July 7, 2016. The Court also ordered restitution in the amount of $3,342,962.15. *See id.*

Bruce filed a Notice of Appeal [Doc. # 138] on July 20, 2016. On August 1, 2016, Bruce filed a "Notice [attorneys discharged]" advising that he had discharged his defense attorneys. The Fifth Circuit dismissed the appeal on October 21, 2016.

Bruce's § 2255 Motion was received by the Clerk's Office and docketed on October 16, 2017. It has been fully briefed and is now ripe for decision.

## II.　STANDARD FOR § 2255 RELIEF

Relief pursuant to § 2255 is available only if the movant's conviction or sentence "was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012) (citing 28 U.S.C. § 2255(a)). Relief under § 2255 is generally limited to questions of constitutional or jurisdictional magnitude. *Id.* A claim that the movant was denied constitutionally effective assistance of counsel may be asserted in a § 2255 motion, whether or not the movant could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

## III.　INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

### A.　Applicable Legal Standard

A successful claim of ineffective assistance of counsel requires a showing of: (1) deficient performance; and (2) prejudice. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011); *United States v. Torres*, 717 F. App'x 450, 455 (5th Cir. 2018).

"To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of

reasonableness." *Harrington*, 562 U.S. at 104 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). There exists a strong presumption that defense counsel's representation fell within the wide range of reasonable professional assistance. *Id*.

Regarding the prejudice element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (quoting *Strickland*, 466 U.S. at 689). It is insufficient to demonstrate that counsel's errors had "some conceivable effect on the outcome of the proceeding." *Id*. Instead, those errors must have been so serious that they deprived the defendant of a trial, or a sentence, that was fair and reliable. *Id*.

### B.     **Pretrial Phase - Failure to Challenge Indictment**

Bruce argues that his attorney was constitutionally ineffective because he failed to challenge the Indictment as "duplicitous" because Count Twenty-Seven incorporates the chart for Counts One through Twenty-Six. The Indictment is not "duplicitous" or otherwise defective. Rather than repeatedly include the full 1.5 page chart each time the false income tax returns from Counts One through Twenty-Six are mentioned in Count Twenty-Seven, the Indictment references the chart. It is clear that the allegations that form the basis for Count Twenty-Seven are significantly expanded and distinct from those in Counts One through Twenty-Six. As a result, the argument that the Indictment was defective was frivolous. The failure to present a frivolous

argument cannot be the basis of a successful ineffective assistance of counsel claim. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *United States v. Simmons*, 1998 WL 224564, *2 (5th Cir. Apr.21, 1998). Bruce is not entitled to § 2255 relief on this basis.

Bruce argues also that his attorney should have challenged the Indictment because Bruce made only "honest claims" on the 1099 forms and, therefore, he should either have been charged with a misdemeanor and been the defendant in a civil False Claims Act lawsuit. Bruce presented the defense that he submitted only "honest claims" to the IRS, and the jury rejected that assertion. Bruce's assertion regarding the honesty of the IRS forms was clearly not a basis on which to challenge the sufficiency of the Indictment. Additionally, although Bruce could have been charged with a misdemeanor, or sued in a civil False Claims Act lawsuit, there is no requirement that the United States choose one of those options rather than a prosecution under 18 U.S.C. § 287. *See, e.g., United States v. Parsons*, 987 F.2d 452, 456 (10th Cir. 1992). "Making the false claim for a tax refund is specifically covered by 18 U.S.C. § 287." *Id.* (citing *United States v. Haynie*, 568 F.2d 1091 (5th Cir. 1978)). Bruce's § 2255 Motion seeking relief on this basis is denied.

## C. Trial Phase - Failure to Investigate IRS Rules and Procedures

Bruce alleges that his counsel was constitutionally ineffective at trial for failing "to investigate the relevant rules and procedures concerning Internal Revenue investigations." *See* Memorandum of Law Supporting § 2255 Motion [Doc. # 187-1], p. 4. Bruce cites the Code of Federal Regulations section establishing the IRS's responsibility to investigate claims in excess of $200,000.00. Bruce notes that twelve of the twenty-six § 287 counts involved claims in excess of $200,000.00. According to Bruce's argument, this regulation requires the subject of the investigation to receive notice and other due process rights. Bruce argues that the IRS's failure to comply with this regulation establishes that the investigation was a "sting operation." Bruce argues that because his attorney failed to become knowledgeable regarding this IRS regulation, it was impossible for him to conduct an "adversarial testing" of the government's case and to understand that "there was no possibility of the claims becoming an economic reality." *See id.* at 7. Therefore, Bruce argues, the intended loss was increased and he received a longer term of imprisonment.

Initially, the Court notes that the false claim charge in 18 U.S.C. § 287 requires that the defendant have presented false claims to the United States that he knew were false, fictitious, and fraudulent, and that were material. It is not necessary to show that the government agency was in fact deceived or misled. *See* Fifth Circuit Pattern Jury

Instructions (Criminal Cases), Pattern Instruction 2.14. Therefore, Bruce's attorney did not provide deficient representation by failing to argue that there could be no violation of § 287 if the claims did not become an "economic reality." As noted above, counsel's failure to present a frivolous argument cannot be the basis of a successful ineffective assistance of counsel claim. *See Green*, 160 F.3d at 1037; *Simmons*, 1998 WL 224564 at *2.

Additionally, as explained more fully below, the Court sentenced Bruce based on a reduced "intended loss" amount. As the Court noted at the time of sentencing, the Court would impose the 180-month sentence even if it were later determined that the Court miscalculated the applicable range under the United States Sentencing Guidelines ("USSG"). Bruce has failed to demonstrate that his attorney's performance was constitutionally deficient or that any errors resulted in a sentence for a longer term of imprisonment. The § 2255 Motion for relief on this basis is denied.

### D. Sentencing Phase - Failure to Challenge "Intended Loss" Amount

Bruce argues that he was denied constitutionally effective representation by his counsel's failure to challenge the "intended loss" calculation, which resulted in a higher USSG range and a longer term of imprisonment. Bruce's argument is refuted by the record.

The United States Probation Officer in the Presentence Investigation Report ("PSR") recommended a loss amount of $800,225,447.57, which resulted in a base offense level of 36. Adjustments to the base offense level resulted in the Probation Officer's recommendation of a total offense level of 40. Bruce had a criminal history category of II. Based on the total offense level and the criminal history category, the calculated guideline range was 324 to 405 months.

Bruce's attorney filed written objections to the PSR challenging the use of any intended loss figure and, specifically, the amount as calculated by the Probation Officer. Bruce's attorney also filed a Sentencing Memorandum [Doc. # 123], and he presented these challenges to the loss calculation again at sentencing. The Court sustained the objections and reduced the intended loss amount to $143,000,000.00. This reduced the base offense level to 30, resulting in a lower guideline range of 168 to 210 months. Bruce's counsel argued that the sentence should include a term of imprisonment of no greater than 144 months. The Court sentenced Bruce to 180 months, below the middle of the applicable guideline range.

The record reflects unequivocally that Bruce's attorney provided constitutionally effective representation at the sentencing phase. He argued persuasively that the loss amount should be significantly reduced, and the Court agreed. Counsel's effective representation resulted in a reduction in the applicable

guideline range of 324 to 405 months, to a lower range of 168 to 210 months. Counsel then argued for a lesser term of imprisonment. The Court's sentence was the result of counsel's effective representation, not constitutionally deficient performance that would justify § 2255 relief. Bruce's § 2255 Motion is denied.

## IV. **CERTIFICATE OF APPEALABILITY**

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After careful review of the record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of Bruce's § 2255 Motion debatable or wrong. As a result, a certificate of appealability will not issue in this case.

## V. CONCLUSION AND ORDER

Bruce has failed to show either that his defense counsel rendered deficient assistance, or that he was prejudiced by any deficient conduct by his counsel. As a result, he has failed to demonstrate that he was denied constitutionally effective assistance of counsel and he is not entitled to relief under § 2255. Therefore, it is hereby

**ORDERED** that Bruce's § 2255 Motion [Doc. # 187] is **DENIED**, the Government's Motion for Judgment on the Record [Doc. # 196] is **GRANTED**, and the corresponding civil action (H-17-3121) is **DISMISSED**. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **8th** day of **May, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE